```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION
```

| | | |
|---|---|---|
| ANDREW HILL, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:11-CV-278-Y |
| | § | |
| | § | |
| FORT WORTH STAR TELEGRAM | § | |

OPINION and ORDER OF DISMISSAL UNDER
28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se plaintiff Andrew Hill's case under the screening provisions of 28 U.S.C. § 1915(e)(2)(B). Hill, then an inmate housed in the Tarrant County jail, initiated this suit with the filing of a form civil-rights complaint accompanied by an application to proceed in forma pauperis.[1] He names as defendant the Fort Worth Star Telegram, a daily newspaper in Fort Worth, Texas. (Compl. Style, § IV(B).) Hill alleges that since 2007, the newspaper has been "using my day to day scenarios for public entertainment which is causing me to ask for restitution and file legal documents for past and any future use of character." (Compl. § V.) He also claims that "in honor of civil rights," he has editorials and pictures of illegal practices, and he alleges that the reporting of his personal information and income has caused him damages. (Compl. § V.) Hill seeks punitive damages in the amount of $20,000 and fines and restitution ranging from "$5,000-$20,000." (Compl. § VI.)

---

[1] At the time of filing suit, Hill was incarcerated in the Tarrant County jail. He has since provided a street address of record.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Hill's claims in this suit, the Court concludes that they must be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[6]  Hill has failed to satisfy the first element.  Hill has not alleged that defendant Fort Worth Star Telegram violated a

---

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Title 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

constitutional or federal right, and the listed factual allegations do not state such a claim. Also, Hill has failed to allege facts to show that the defendant acted under color of law with regard to the events made the basis of this suit.[7] Thus, Hill's claims asserted through 42 U.S.C. § 1983 must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In addition to failing to satisfy the elements to pursue a claim under 42 U.S.C. § 1983, the Court determines that Andrew Hill has otherwise failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter of this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are present under 28 U.S.C. § 1332, or if the cause of action arises under the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331. Because plaintiff Hill has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction. Also, in order to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of one state while the defendants are citizens of another.[8] Complete diversity of citizenship is required; a district court cannot exercise diversity

---

[7] *See Cornish v. Correctional Services Corp., et al.*, 402 F.3d 545, 550 (5th Cir. 2005)(noting that under any of the many tests employed to decide whether a private actor's conduct can be fairly attributable to the State is a "necessarily fact-bound inquiry . . . .")(citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)).

[8] *See* 28 U.S.C. § 1332(a)(1)(West 2006).

3

jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants.[9] A corporation is deemed to be a citizen of the "State by which it has been incorporated and of the State where it has its principal place of business . . .."[10] The principal place of business is a corporation's "nerve center," or the place where a corporations' officers direct, control, and coordinate the corporation's activities.[11] Plaintiff listed a Fort Worth, Texas, address for himself, and a Fort Worth, Texas, address for the Fort Worth Star Telegram.  Hill has not asserted any facts to support jurisdiction on the basis of diversity of citizenship between himself and the defendant.

Furthermore, Hill has not alleged a sufficient amount in controversy. The amount-in-controversy provision is to be narrowly construed, so as not to frustrate congressional purpose.[12] The test to determine whether the amount-in-controversy requirement is satisfied is the "legal certainty" test; to justify dismissal, "it must appear to a legal certainty that the claim is really less than the jurisdictional amount."[13] Hill seeks $20,000 in punitive damages, and a range of up to $20,000 in fines and restitution. Because the

---

[9] *See Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992)(citing *Strawberry v. Curtiss,* 7 U.S. 267 (1806)).

[10] 28 U.S.C.A. § 1332(c)(1)(West 2006).

[11] *Hertz Corp. V. Friend,* 130 S.Ct. 1181, 1192 (2010).

[12] *See Packard v. Provident National Bank,* 994 F.2d 1039, 1044-45 (3d Cir.), *cert den'd,* 510 U.S. 964 (1993).

[13] *St. Paul Reinsurance Vo., Ltd. V. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)(quoting *St. Paul Mercury Indemnity Co. V. Red Cab Co.,* 303 U.S. 283, 288 (1938)(other citations omitted)).

4

Court can say with a legal certainty that the plaintiff cannot recover an amount in excess of $75,000, he has failed to invoke this Court's diversity jurisdiction for this alternate reason. Thus, any other claims asserted by Hill must be dismissed for lack of subject matter jurisdiction.[14]

Therefore, all claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

All other claims are DISMISSED for lack of subject-matter jurisdiction with prejudice to the right to refile in federal court.

SIGNED October 17, 2011.

                                                    TERRY R. MEANS
                                                    UNITED STATES DISTRICT JUDGE

---

[14]*See* Fed R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")